**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LEROY BROOKS, | : | |
| | : | Civil Action No. 17-114(RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| SEAN MARLER, | : | |
| | : | |
| Respondent. | : | |

**BUMB**, District Judge

This matter comes before the Court upon Petitioner's submission of a petition under 28 U.S.C. § 2241 (Pet., ECF No. 1), accompanied by an application to proceed in forma pauperis ("IFP App."), pursuant to 28 U.S.C. § 1915. (IFP App., ECF No. 1-3.) Plaintiff's affidavit of poverty establishes his financial eligibility for IFP status. See 28 U.S.C. § 1915(a). The Court will grant his IFP application.

The Court must review the petition and dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to cases filed under 28 U.S.C. § 2241 pursuant to Rule 1, the scope of

the Rules. For the reasons discussed below, the Court will dismiss the petition for lack of jurisdiction.

I.   BACKGROUND

Petitioner is a federal inmate confined at the Philadelphia Federal Detention Center in Pennsylvania. (Pet., ECF No. 1 at 2.) In the present habeas petition, he is challenging his January 19, 2016 conviction in the United States District Court, District of New Jersey, for which he has not yet been sentenced. (Id., ¶4); See U.S. v. Brooks, Crim. Action No. 14-382(RMB) (ECF No. 105). Currently pending in his criminal action is Petitioner's motion for a new trial (ECF No. 115); and his "Supplemental Post-Verdict Omnibus Motions" (ECF No. 121). Petitioner also filed, in his criminal case, a self-styled "Writ of Dismissal of Cause of Action and Release for Lack of Subject Matter Jurisdiction" ("Writ of Dismissal") (ECF No. 117).

In the present petition, as in his Writ of Dismissal in his criminal action, Petitioner contends this Court lacked jurisdiction over his superseding indictment for violation of 18 U.S.C. § 1951(a); 21 U.S.C. § 846; 18 U.S.C. § 922(g)(1); and 18 U.S.C. § 924(c); and that his conviction violates Article 4, §2, cl. 1, and the 9th and 10th Amendments of the United States Constitution. (ECF No. 1-2 at 1.) Petitioner has not yet filed a direct appeal or a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.

Petitioner explained in his petition that a motion under § 2255 is inadequate or ineffective to challenge his conviction or sentence because:

> A 2255 is for after the direct appeal and sentence. I am not at that stage and my challenge is in regards to constitutional violations by way of my conviction and it was in violation of the laws and treaties of the United States.

(Pet., ECF No. 1, ¶10(c)).

II. DISCUSSION

The presumptive means for a federal prisoner to challenge the legality of his conviction or sentence, once the conviction is final, is through a motion filed pursuant to 28 U.S.C. § 2255. Okereke v. U.S., 307 F.3d 117, 120 (3d Cir. 2002). 28 U.S.C. § 2255(e) contains a savings clause applicable to cases where a § 2255 motion would be inadequate or ineffective.

"A court may not entertain a habeas petition under § 2241 made by a federal prisoner "in custody under sentence of a [federal] court ... unless it also appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the prisoner's] detention." Gardner v. Warden Lewisburg, 845 F.3d 99, 102 (3d Cir. 2017) (citing 28 U.S.C. § 2255)). "A § 2255 motion would be inadequate or ineffective only if the petitioner can show that a limitation of scope or procedure would prevent a § 2255 proceeding from affording him a

full hearing and adjudication of his wrongful detention claim." Norman v. Levi, 305 F. App'x 820, 821 (3d Cir. 2009) (quoting Okereke, 307 F.3d at 120.))

Petitioner has not shown that a § 2255 proceeding would not afford him a full hearing and adjudication of his claim. He simply does not wish to wait until he is sentenced and completes his direct appeal before raising the present claims. A "delay in submitting a § 2255 motion until the direct appeal is resolved does not render § 2255 inadequate or ineffective." Norman, 305 F. App'x at 821 (citing e.g. United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997)).

The Court, therefore, lacks jurisdiction over Petitioner's § 2241 petition. The Court declines to construe the petition as arising under § 2255 because such a motion would be subject to dismissal as premature. Id., (citing Kapral v. United States, 166 F.3d 565, 570-72 (3d Cir. 1999) (a collateral attack is generally inappropriate if the possibility of direct review remains open).

III. CONCLUSION

In the accompanying Order filed herewith, the Court will dismiss the petition for lack of jurisdiction.

Dated: February 22, 2017

> s/Renée Marie Bumb
> RENÉE MARIE BUMB
> United States District Judge